UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANA JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01607-JPH-TAB |
| | ) | |
| NATIONAL BOARD OF OSTEOPATHIC EXAMINERS INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.
Motion to amend complaint**

Plaintiff Jana James seeks leave to amend her complaint. Dkt. [84]. Defendant National Board of Osteopathic Medical Examiners, Inc. ("NBOME") opposes the motion, arguing that it is untimely, brought in bad faith, and prejudicial. Dkt. 85 at 4.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave to amend when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). However, when a motion for leave to amend is untimely, courts should "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16, the court's pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In making a Rule 16(b) good-cause determination, the primary

1

consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720.

Here, the Rule 16(b) standard applies because Ms. James' motion is untimely, and Ms. James has not satisfied Rule 16(b)'s good cause standard. Under the case management plan, "[a]ll motions for leave to amend the pleadings . . . shall be filed on or before March 10, 2024." Dkt. 56 at 2. Ms. James filed this motion seeking leave to amend on October 23, 2024, over seven months past the deadline.

She argues that she should be granted an opportunity to amend because counsel for NBOME told her in an email before she deposed NBOME that she was "not allowed to ask any questions" during the deposition about the "reported adverse testing conditions" she faced on the day of her COMLEX-Level 1 exam. Dkt. 84. In that email, NBOME's counsel explained that any alleged adverse testing conditions experienced by Ms. James were not relevant to her failure to accommodate claim against NBOME because "NBOME was not in control of the testing facility nor the entity responsible for proctoring the examination." Dkt. 86-1 at 1. The day after that email exchange, Ms. James filed her motion for leave to amend her complaint. Dkt. 84. This is because, according to Ms. James, her allegations of adverse testing conditions are a "critical part" of her complaint. *Id.*

But that is not enough to justify Ms. James's delay. As the Court has explained, Ms. James "has had plenty of time to conduct discovery" in this case, including months before the March 2024 amendment deadline to resolve

2

any confusion about deposing NBOME.  Dkt. 93 at 2.  Over two weeks before she filed her motion seeking leave to amend, Ms. James was put on notice that further additional extensions of the liability discovery and summary judgment response deadlines should not be anticipated.  Dkt. 83.  After Ms. James filed her motion, the Court denied further requests to extend the discovery deadline beyond NBOME's supplemental response due on November 27, 2024.  Dkt. 93 at 2.  Finally, Ms. James does not explain why she could not have, with diligence, determined before the amendment deadline whether she needed to amend her complaint.

Ms. James has not demonstrated diligence in seeking to amend her complaint over seven months after the amendment deadline.  *See Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) ("We have upheld denials of motions for leave to amend filed months after the deadline where plaintiffs did not demonstrate good cause."); *Andress v. Richards*, No. 2:16-cv-0011-WTL-MJD, 2017 WL 2971947, at *2 (S.D. Ind. July 12, 2017) (denying pro se plaintiff's motion for leave to amend filed seven months after amendment deadline).  Ms. James therefore has not shown "good cause" for her failure to file a timely motion for leave to amend.[1]  Accordingly, Ms. James's motion for leave to amend her complaint, dkt. [84], is **DENIED**.[2]

---

[1] The Court resolves the motion under Fed. R. Civ. P. 16, so it does not consider whether amendment would be allowed under Fed. R. Civ. P. 15.  *Alioto*, 651 F.3d at 719.

[2] Ms. James should not construe the Court's denial of her motion to amend her complaint as an order prohibiting her from asking deposition questions about the allegedly "adverse testing conditions," which appears to have been the reason that she sought to amend her complaint in the first place.  Dkt. 84 ("Please allow me the

## II.
## Motion for assistance with recruiting counsel

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)). "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (*quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Ms. James states that she has contacted twenty law firms, but none were able to assist her, or she did not receive a response.

---

opportunity to amend my complaint, so that I may complete an adequate deposition."); dkt. 86-1 (email from NBOME's counsel to Ms. James stating that "[a]ny adverse testing conditions experienced by you during your examinations is not relevant to your complaint and outside the scope of your lawsuit"). Under the Federal Rules of Civil Procedure, when an objection to a question based on relevance is raised, "the examination still proceeds; the testimony is taken subject to any objection. . . . A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

Dkt. 82 at 2. Ms. James has thus made a reasonable effort to obtain counsel, and she should continue that effort. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Ms. James alleges Defendant failed to reasonably accommodate her during her COMLEX Level 1 exam and discriminated against her because of her disability. Dkt. 6 at 4–7; dkt. 56 at 9. She should be well situated to present the facts surrounding her claims.

She stated on the form motion that her "areas of weakness are in reading and comprehension," and that she has "psychological diagnoses that hinder daily activities." Dkt. 82 at 3. However, she indicated that she has completed a master's degree and that she can read and write English. *Id.* at 2. Further, her complaint and filings in this case are detailed and coherent. And she also has some prior litigation experience in the federal court system, as she has filed at least two other federal suits. *Id.* at 3.

Therefore, based on her familiarity with the facts underlying her claim, her prior experience in the federal court system, and her coherent filings thus far, Ms. James has not demonstrated that the case exceeds her capacity to present it at this time. As a result, her motion for assistance in recruiting counsel is **DENIED without prejudice**. Dkt. [82].

5

**SO ORDERED.**

Date: 12/5/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JANA JAMES
200 Magnolia Blvd., Blg. 200, Apt. 203
Port Wentworth, GA 31407

All electronically registered counsel