UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANA JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01607-JPH-TAB |
| | ) |
| NATIONAL BOARD OF OSTEOPATHIC EXAMINERS INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Jana James alleges that the National Board of Osteopathic Examiners, Inc. ("NBOME") violated the Americans with Disabilities Act when it did not grant her requested accommodations for taking the Comprehensive Osteopathic Medical Licensing Examination ("COMLEX")-USA Level 1 exam. NBOME has moved for summary judgment. Dkt. 75. For the reasons below, the Court gives Ms. James notice under Federal Rule of Civil Procedure 56(f)(2) of its intent to grant summary judgment in favor of NBOME.

**I.
Facts and Background**

Because NBOME has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Ms. James is a former medical student. *See* dkt. 77 at 1. She was required to take and pass the COMLEX-USA Level 1 exam, the first level in "a

1

three-level, national standardized licensure examination" for osteopathic medicine. *Id.* Defendant NBOME develops the COMLEX tests and decides what accommodations, if any, students will receive when taking those tests. *See id.*

On January 1, 2020, Ms. James submitted an accommodations request for an upcoming COMLEX-USA Level 1 administration. Dkt. 76-1 at 1. She requested an isolated testing environment, additional time to complete the exam, and additional breaks. *Id.* She reiterated this request via email, dkt. 76-2 at 2, and NBOME acknowledged the request on January 20 after Ms. James formally registered for the exam, *id.* at 1.

On May 1, NBOME granted Ms. James some additional break time but denied the remainder of her requested accommodations. *Id.* at 3–5. Ms. James appealed with additional documentation, and NBOME then approved additional accommodations of more break time and a separate testing room. *Id.* at 11–12. And on September 2, NBOME granted Ms. James's request to remove her mask during the test. *Id.* at 14–15. Ms. James took the COMLEX-USA Level 1 exam for the first time on September 9, but she did not pass. Dkt. 76-3 at 1.

Ms. James then registered for the exam again, and NBOME granted the same accommodations. Dkt. 76-2 at 16–18. She took the exam for the second time on December 1, 2020, but she did not pass. Dkt. 76-4 at 1.

Ms. James registered for the exam again and submitted additional documentation in support of her requested accommodations. NBOME granted

2

her the requested accommodations for additional break time and noise-cancelling headphones, and again denied her request for additional time to complete the exam.  Dkt. 76-2 at 20, 33, 39–40.  This time, Ms. James passed the COMLEX-USA Level 1 exam.  Dkt. 76-5 at 1; *see also* dkt. 95 at 20.

Ms. James's operative complaint alleges that NBOME violated Title III of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, when it did not provide all the accommodations requested by Ms. James each time she took the exam.  Dkt. 6 at 4–7; *see* dkt. 56 (clarifying that the operative complaint is at docket number 6).  As relief, Ms. James seeks compensatory damages and reimbursement for tuition expenses, legal fees, and other costs incurred in bringing this case.  Dkt. 6 at 6.  She also seeks injunctive relief in the form of a court order requiring NBOME to "[r]emove records of exam failures."  *Id.*

NBOME has filed a motion for summary judgment.  Dkt. 75.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this

burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

"Title III of the ADA prohibits discrimination [against persons with disabilities] by a private entity offering a professional certification examination." *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996); 42 U.S.C. § 12189. Title III's enforcement provision "provides a remedy only to a person 'who *is being subjected* to discrimination on the basis of disability or who has reasonable grounds for believing that such person is *about to be subjected to* discrimination." *Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006) (quoting 42 U.S.C. § 12188(a)(1)).

Here, NBOME argues that the Court must grant its motion for summary judgment because Ms. James does not qualify as a person with disabilities under the ADA, and even if she did, it did not discriminate against her based on those disabilities. Dkt. 77. Ms. James responds that her conditions qualify as disabilities under the ADA and that NBOME's process for evaluating her requested accommodations violated the ADA. Dkt. 95.

The parties don't address threshold issues under Title III of the ADA—whether Ms. James is being subjected to or about to be subjected to discrimination and the availability of the relief she seeks. The Court evaluates these issues pursuant to its authority under Federal Rule of Civil Procedure 56(f)(2).

### A. Monetary relief

Ms. James seeks monetary relief for exam refunds, legal fees paid to challenge her medical school dismissal, and tuition expenses. Dkt. 6 at 6. However, "damages are not available under Title III" of the ADA. *Scherr v. Marriot Intern., Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013); *see also Ruffin*, 181 F. App'x at 585 ("Money damages . . . are not available to private parties under Title III . . . ." (citing 42 U.S.C. § 12188(a)(1) and collecting cases)); *Doe v. Law Sch. Admission Council, Inc.*, No. 17-cv-06656, 2022 WL 4599264, at *4 (N.D. Ill. Sep. 30, 2022). Therefore, Ms. James's claim for money damages cannot succeed as a matter of law.

### B. Injunctive relief

Ms. James also seeks the injunctive relief of NBOME removing records of her having failed the exam on her first two attempts. Dkt. 6 at 6. She argues generally that she has Article III standing, dkt. 95 at 5–8, and NBOME does not address that argument, dkts. 77, 96. However, because Article III standing is a jurisdictional requirement, *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019), the Court has an independent duty to evaluate whether Ms. James has standing to sue for the prospective injunctive relief she seeks.

The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff "must have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). Standing "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). The plaintiff has the burden of establishing these elements and therefore must "clearly allege facts demonstrating each element." *Spokeo*, 578 U.S. at 338.

Ms. James argues that she suffered an injury in fact sufficient to confer standing because she "experienced concrete harm due to the denial of accommodations." Dkt. 95 at 6, 8. She contends that NBOME's accommodations denials "prevented [her] from accessing the exam on an equal basis with non-disabled peers." *Id.* at 6. She argues that the "denial of additional testing time and lack of enforcement of approved additional break time" caused significant harm to "her professional advancement" because of her "inability to fully demonstrate her competence in the examination setting." *Id.*

"To have standing for prospective injunctive relief, a plaintiff must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

6

(1983)). "Unlike with damages, a past injury is insufficient to establish standing for purposes of prospective injunctive relief." *Id.* That's because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 95–96.

Here, the injuries that Ms. James claims to have suffered relate to her failing to pass the exam on her first two attempts when NBOME did not grant all of her requested accommodations. Dkt. 6 at 6. But past injuries are not enough to confer standing to sue for prospective injunctive relief. *Simic*, 851 F.3d at 738. Instead, Ms. James must show that she faces a "'real and immediate' threat of future injury." *Id.* She has not done so here.

Ms. James does not explain how she is currently being harmed or will imminently be harmed by NBOME maintaining the results from the first and second times she took the COMLEX-USA Level 1 test. She designates no evidence showing that NBOME's records are publicly available or that anyone outside of NBOME could access these results without her permission. Ironically, it appears the only reason that the results of her first two attempts to pass the exam are public knowledge is because Ms. James filed this suit, thereby putting facts related to her two failed attempts to pass the exam in the public record. Moreover, Ms. James does not explain how NBOME's maintenance of these records are likely to affect her career prospects going forward. In short, Ms. James has not shown that she currently suffers or is likely to suffer imminent future injury from NBOME maintaining these records.

The harms that Ms. James alleges will flow from her two failed attempts to pass the exam are "conjectural or hypothetical."[1]  *Id.*

In sum, Ms. James has not shown that she has suffered an injury in fact sufficient to confer standing to pursue the prospective injunctive relief she seeks.

## IV.
## Conclusion

The Court gives Ms. James notice under Federal Rule of Civil Procedure 56(f)(2) of its intent to grant summary judgment in favor of NBOME.  Ms. James shall have **until August 22, 2025** to respond to this notice by explaining why her claim for monetary damages does not fail as a matter of law and why she has standing to seek prospective injunctive relief.  If Ms. James fails to respond, the Court will issue summary judgment in favor of NBOME.  NBOME shall have **until September 5, 2025** to reply to Ms. James's response.

**SO ORDERED.**

Date: 7/24/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JANA JAMES
200 Magnolia Blvd., Blg. 200, Apt. 203
Port Wentworth, GA 31407

All electronically registered counsel

---

[1] Because Ms. James does not satisfy the "injury in fact" element of standing, the Court does not address whether her claim satisfies standing's other elements.