IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANA JAMES,
Plaintiff,

v. Case No. 1:23-cv-01607-JPH-TAB

NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC.,
Defendant.

FILED
08/10/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**PLAINTIFF'S RESPONSE TO COURT'S RULE 56(f)(2) NOTICE AND OPPOSITION TO SUMMARY JUDGMENT**

Plaintiff Jana James, appearing pro se, respectfully submits this response to the Court's Rule 56(f)(2) notice of intent to grant summary judgment in favor of Defendant National Board of Osteopathic Medical Examiners, Inc. ("NBOME"). Plaintiff opposes summary judgment and requests that the Court deny it in whole or in part and allow her claim for declaratory relief to proceed.

Because genuine disputes remain and the harm is ongoing, Plaintiff respectfully requests that the Court allow the case to proceed on the merits.

## I. INTRODUCTION

This case concerns an ongoing violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA"). NBOME has repeatedly refused to recognize Plaintiff's federally documented disabilities and continues to publicly deny her ADA status in court filings submitted as recently as 2025. These assertions are not historical—they are active, public, and being used to justify Plaintiff's dismissal from medical school and to obstruct her efforts to seek professional reinstatement.

Summary judgment is also premature under Rule 56(d) because Defendant's obstruction of discovery and the Court's denial of procedural relief prevented Plaintiff from obtaining critical evidence to oppose summary judgment. In addition, the harm is ongoing and redressable through prospective declaratory relief.

## II. LEGAL STANDARD UNDER RULE 56(f)(2)

Under Rule 56(f)(2), when a court intends to grant summary judgment on a ground not raised by a party, it must provide notice and an opportunity to respond. This filing responds directly to the Court's July 30, 2025 Order (Doc. 97) and demonstrates both Article III standing and the continued availability of equitable relief under the ADA and Section 504.

**III. PLAINTIFF HAS STANDING BASED ON ONGOING HARM**

NBOME's continued public denial of Plaintiff's disability status causes reputational, educational, and professional harm:

- In its January 2025 brief (Doc. 96), NBOME expressly denied that Plaintiff qualifies as a person with a disability under the ADA and dismissed the conclusions of board-certified professionals who recommended accommodations.
- Plaintiff's former medical school, A.T. Still University (ATSU), relied on NBOME's denial to refuse accommodations for COMAT exams and to justify Plaintiff's dismissal.
- In 2024 and 2025 court filings, ATSU continues to cite NBOME's position in pending litigation.

NBOME's ongoing denial of Plaintiff's disability status continues to cause present and concrete harm because it is actively being used as evidence against her in the ATSU litigation to justify the prior denial of accommodations and dismissal decision. The legal effect of NBOME's determination remains operative in defending ATSU's actions and undermining Plaintiff's ADA and civil rights claims in that case. As in *Doe v. Purdue Univ.*, 928 F.3d 652, 661 (7th Cir. 2019), the injury here is not merely historical; NBOME's official stance continues to damage Plaintiff's legal position, professional reputation, and standing within the medical profession. See Exhibit C (ATSU's 2024–2025 filings) and Exhibit B (NBOME decision letters). This harm will persist unless and until NBOME's determination is vacated, as it continues to operate as an authoritative barrier to Plaintiff's professional and educational opportunities.

This constitutes a redressable injury sufficient to establish standing. See also *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982) (continuing harm from past denial supports standing). Plaintiff filed a civil rights complaint with the U.S. Department of Justice (Complaint ID 619219-XCC), which acknowledged review but declined to intervene due to limited resources. In parallel, Plaintiff has authorized multiple congressional offices to review NBOME's conduct by providing privacy waivers. While these actions do not constitute official findings, they provide background context regarding the seriousness of the harm alleged and the broader interest in standardized testing entities' compliance with the ADA.

Plaintiff does not present this information to influence the Court, but to affirm that her experience reflects a broader systemic concern. NBOME's handling of disability accommodations has been the subject of discussion in educational and disability rights contexts, which lends context, but not legal weight, to Plaintiff's request for judicial review and declaratory relief.

**IV. DECLARATORY RELIEF REMAINS AVAILABLE AND NECESSARY**

Plaintiff seeks narrowly tailored declaratory relief confirming that NBOME's denial of testing accommodations was inconsistent with its obligations under the ADA and Section 504. This forward-looking relief will clarify Plaintiff's legal status and help repair the ongoing harm caused by NBOME's refusal to recognize her disability.

Plaintiff does not seek damages alone but asks the Court to declare that:

- NBOME failed to conduct an individualized, good faith assessment as required by the ADA and its implementing regulations (28 C.F.R. § 36.309);
- NBOME applied rigid documentation standards that do not reflect clinical best practices or legal obligations; and
- Plaintiff meets the legal definition of a person with a disability under federal law.

Declaratory relief is particularly appropriate in ADA testing cases. See *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 87 (2d Cir. 2004) (exam-related ADA violations warrant declaratory relief); *Knakmuhs v. Minneapolis Pub. Sch.*, 990 F. Supp. 2d 1035, 1047 (D. Minn. 2014).

From 2020 through 2022, Plaintiff submitted two accommodation applications supported by evaluations from four licensed clinicians. Each evaluation included formal diagnoses and recommended extended time under ADA standards. NBOME denied both applications, declared the record closed in 2021, and rejected Plaintiff's 2022 appeal without considering new documentation. These denials contributed directly to academic failure, loss of accommodations at ATSU, and Plaintiff's eventual dismissal. This timeline of escalating denials and exclusion continues to cause injury today.

**V. DISPUTED MATERIAL FACTS PRECLUDE SUMMARY JUDGMENT**

Plaintiff's declaration and supporting exhibits (A-E) establish genuine disputes of material fact including:

- Whether Plaintiff's impairments substantially limit major life activities such as concentration, reading, and test-taking;
- Whether NBOME conducted an individualized and objective evaluation as required by law;
- Whether NBOME ignored or devalued multiple licensed clinical evaluations;
- Whether NBOME's denial process violated 28 C.F.R. § 36.309(c)(2)-(4), which prohibits over-reliance on outdated testing norms and requires deference to professional diagnoses; and
- Whether Plaintiff's academic dismissal was caused, in part, by NBOME's denials, creating an ongoing adverse impact on her professional standing.

These disputes are supported by NBOME's own interrogatory responses, letters of denial, legal filings, and ATSU's admissions, all of which are submitted herewith.

**VI. PLAINTIFF WAS DENIED A MEANINGFUL OPPORTUNITY TO CONDUCT DISCOVERY**

Plaintiff respectfully submits that summary judgment is also inappropriate because she was denied a fair opportunity to obtain discovery critical to resolving material factual disputes. Although the Court permitted limited discovery, Defendant's conduct—combined with Plaintiff's pro se status and the Court's denial of appointed counsel—resulted in an uneven process that prejudiced her ability to oppose summary judgment.

**A. Defendant Delayed and Ultimately Blocked Deposition Testimony**

On October 21, 2024, Plaintiff served interrogatories and requested available dates for a deposition of NBOME pursuant to Rule 30(b)(6). Defendant did not provide availability until November 6, 2024, less than ten days before the end of discovery, and insisted that Plaintiff issue a formal Notice of Deposition and retain a court reporting service.

Plaintiff, appearing pro se in her first federal civil rights case, was unaware that court reporters were not provided by the court and was not informed of this requirement until the eve of the deposition. Despite confirming a Zoom link and submitting a notice in good faith, Defendant refused to participate on November 14, 2024, citing technical

noncompliance. This effectively ran out the clock on a deposition Defendant had already delayed for weeks. See Exhibit G, Part 1 (Discovery Obstruction).

**B. Defendant's Interrogatory Responses Were Non-Substantive**

In response to Plaintiff's interrogatories, Defendant recited public-facing policy language from its website and declined to provide individualized information about how Plaintiff's accommodation requests were evaluated. Defendant also refused to answer questions about its procedures for handling adverse testing conditions, despite the relevance of such conditions to Plaintiff's experience and the credibility of Defendant's assessment process. See Exhibit E.

**C. Court's Denial of Counsel and Discovery Extensions Exacerbated the Harm**

The Court denied Plaintiff's repeated requests for appointed counsel (see Doc. 94), despite acknowledging that Plaintiff had contacted over 20 law firms and faces documented reading and comprehension challenges. The Court also denied Plaintiff's motion to amend her complaint to clarify the scope of deposition questions, even after Defendant's counsel instructed her not to ask about certain adverse testing conditions. See Doc. 94 at 2–3. Together, these rulings left Plaintiff without critical procedural support or clarity.

In denying further discovery extensions, the Court stated that Plaintiff had "plenty of time to conduct discovery" and failed to act with diligence. See Doc. 94 at 2. However, the record reflects that Plaintiff sought discovery in a timely manner and that Defendant's actions contributed to delays in obtaining the requested information. Plaintiff respectfully submits that the Court's interpretation of her efforts did not fully account for her pro se status, disability-related limitations, or the procedural obstacles encountered during the discovery period. See Exhibit G, Part 2 (Court Rulings Limiting Remedy)

**D. Relief Sought**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny summary judgment in full, or in the alternative, defer ruling under Rule 56(d) until she is permitted to complete the deposition of Defendant and obtain full, substantive responses to her interrogatories. Plaintiff further requests that her claim for declaratory relief proceed to resolution on the merits. At a minimum, the Court should find that Plaintiff's inability to obtain discovery was substantially caused by external procedural barriers rather than any lack of diligence on her part.

**VII. CONCLUSION**

For the reasons stated above including the ongoing, redressable harm caused by NBOME's actions and the procedural barriers to completing discovery, Plaintiff respectfully requests that the Court:

1. Deny summary judgment in full or in part;
2. Permit Plaintiff's claim for declaratory relief to proceed; and
3. Consider the attached declaration and supporting exhibits demonstrating ongoing harm and contested factual issues.

**Appendix - Exhibit Index, Submitted in Support of Rule 56(f)(2) Response**

- **Exhibit A** - Medical Evaluations and Provider Recommendations *(Filed Under Seal)*
- **Exhibit B** - NBOME Decision Letters and Continuing Harm
- **Exhibit C** - Evidence of ATSU's Reliance on NBOME Denials
- **Exhibit D** - NBOME's Denial of ADA Disability Status *(Filed Under Seal - Excerpts from Docs. 75, 77, 96)*
- **Exhibit E** - Interrogatory Responses and Internal Policy Language *(Filed Under Seal)*
- **Exhibit F** - Chronological Summary of NBOME Accommodation Denials and Appeals
- **Exhibit G** - Procedural Barriers and Discovery Misconduct Affecting Plaintiff's Ability to Oppose Summary Judgment

*A complete Exhibit Index is included in the Appendix for ease of reference.*

**Note:** Exhibit A, the unredacted version of Plaintiff's Declaration, and select portions of Exhibits D and E contain sensitive medical information and are filed under seal pursuant to Plaintiff's concurrently filed Motion to Seal. For reference only, a complete Exhibit Index is attached as an appendix following Exhibit G.

Dated: August 10, 2025

Respectfully submitted,
/s/ Jana James
Pro Se Plaintiff