UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANA JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-01607-JPH-TAB |
| | ) |
| NATIONAL BOARD OF OSTEOPATHIC | ) |
| EXAMINERS INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Jana James alleges that the National Board of Osteopathic Examiners,

Inc. ("NBOME") violated the Americans with Disabilities Act when it denied her

testing accommodations for the Comprehensive Osteopathic Medical Licensing

Examination ("COMLEX")-USA Level 1 exam.  NBOME has moved for summary

judgment.  Dkt. [75].  The Court gave notice of its intent to grant summary

judgment in favor of NBOME under Rule 56(f)(2) because Ms. James appeared

to lack standing to request a prospective injunction, and monetary damages

were unavailable.  Dkt. 97 at 5–8.  The parties have filed supplemental

briefings, dkts. 98, 101, 103[1].  For the reasons below, the Court **GRANTS**

NBOME's motion for summary judgment.  Dkt. [75].

---

[1] Ms. James filed a Motion for Leave to File Surreply, dkt. [103], and filed a Notice of
Correction to Exhibit A, dkt. 106.  That motion is **GRANTED**, and the Court will
consider her surreply in ruling on this Order.

## I.
## Facts and Background

For the purposes of summary judgment, the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

Ms. James is a former medical student.  Dkt. 76-8 at 4 (James Dep. at 10).  She was required to take and pass the COMLEX-USA Level 1 exam, the first level in "a three-level, national standardized licensure examination" for osteopathic medicine.  Dkt. 77 at 1.  Defendant NBOME develops the COMLEX tests and decides what accommodations, if any, students will receive when taking those tests.  *See id.*

On January 1, 2020, Ms. James submitted an accommodations request for an upcoming COMLEX-USA Level 1 administration.  Dkt. 76-1 at 1.  She requested an isolated testing environment, additional time to complete the exam, and additional breaks.  *Id.*  She reiterated this request via email, dkt. 76-2 at 2, and NBOME acknowledged the request on January 20 after Ms. James formally registered for the exam, *id.* at 1.  NBOME granted Ms. James's request for additional break time but denied the remainder of her requested accommodations.  *Id.* at 3–5.  Ms. James appealed with additional documentation, and NBOME then approved additional accommodations of more break time and a separate testing room.  *Id.* at 11–12.  Ms. James took the COMLEX-USA Level 1 exam for the first time on September 9, 2020, but

2

she did not pass.  Dkt. 76-3 at 1.  Ms. James then registered for the exam again, and NBOME granted the same accommodations.  Dkt. 76-2 at 16–18. She took the exam for a second time on December 1, 2020, but she did not pass.  Dkt. 76-4 at 1.

Ms. James registered for the exam again and submitted additional documentation in support of her requested accommodations.  Dkt. 76-2 at 40. NBOME granted her the requested accommodations for additional break time and noise cancelling headphones but denied her request for additional time to complete the exam.  *Id.* at 20, 33, 39–40.  This time, Ms. James passed the COMLEX-USA Level 1 exam.  Dkt. 76-5 at 1; *see also* dkt. 95 at 20.

Ms. James's operative complaint alleges that NBOME violated Title III of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, when it did not provide all the accommodations requested by Ms. James each time she took the exam.  Dkt. 6 at 4–7; *see* dkt. 56 (clarifying that the operative complaint is at docket number 6).  As relief, Ms. James seeks compensatory damages and reimbursement for tuition expenses, legal fees, and other costs incurred in bringing this case.  Dkt. 6 at 6.  She also seeks injunctive relief in the form of a court order requiring NBOME to "[r]emove records of exam failures."  *Id.*  Last, Ms. James seeks declaratory judgment asking the Court to declare that: (1) "NBOME failed to conduct an individualized, good faith assessment as required by the ADA and its implementing regulations . . . ; (2) NBOME applied rigid documentation standards that do not reflect clinical best

3

practices or legal obligations; and (3) Plaintiff meets the legal definition of a person with a disability under federal law."  Dkt. 98 at 2.

NBOME moved for summary judgment, dkt. 75, and the Court notified the parties of its intent to grant summary judgment in favor of NBOME under Federal Rule of Civil Procedure 56(f)(2), because Ms. James appeared to lack standing to request a prospective injunction, and monetary damages were unavailable.  Dkt. 97 at 5–8.  Rule 56(f)(2) permits the Court to grant summary judgment on grounds not raised by a party after providing "notice and a reasonable time period to respond."  Fed. R. Civ. P. 56(f)(2).  The parties responded, dkts. 98, 101, 103, and the Court now addresses the merits of those supplemental arguments about whether this relief is available to Ms. James.

## II.
## Discussion

### A. Damages

In its Rule 56(f)(2) order, the Court raised the issue that Ms. James could not recover monetary relief under Title III of the ADA as a matter of law.  Dkt. 97 at 5; *Scherr v. Marriot Intern, Inc.,* 703 F.3d 1069, 1075 (7th Cir. 2013) ("[T]he statute makes clear that injunctive relief [is available] . . . and only injunctive relief—damages are not available under Title III[.]"); *Ruffin v. Rockford Mem'l Hosp.,* 181 F. App'x 582, 585 (7th Cir. 2006) ("Money damages . . . are not available to private parties under Title III[.]" (citing 42 U.S.C. § 12188(a)(1) and collecting cases)).  In her response, Ms. James did not address

4

this issue or present an argument as to the availability of monetary relief.  *See generally* dkts. 98, 103.

Because damages are not available under Title III of the ADA, and Ms. James does not present any argument in the alternative, NBOME is entitled to summary judgment on Ms. James's request for monetary damages.

**B. Standing for injunctive and declaratory relief**

Ms. James seeks a prospective injunction requiring NBOME to remove records of the exams where she did not receive requested accommodations and to vacate its determination regarding her disability status.  Dkts. 6 at 6; 98 at 2.  In the order on Defendant's motion for summary judgment, the Court explained it appeared that Ms. James lacked standing for prospective injunctive relief.  Dkt. 97 at 6–8.  In response, Ms. James argues that she has Article III standing because "NBOME's continued public denial of Plaintiff's disability status causes reputational, educational, and professional harm."  Dkts. 98 at 2; 103-1 at 3.  NBOME argues that Ms. James has not satisfied the "injury in fact" requirement because her alleged harms are not concrete, particularized, actual or imminent.  Dkt. 101 at 2.

The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff "must have suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision."  *Spokeo v. Robins*, 578 U.S. 330, 338 (2016).  To have standing for prospective injunctive relief, Ms. James "must face a 'real and immediate threat' of future injury as opposed to a threat

that is merely 'conjectural or hypothetical.'"  *Simic v. City of Chicago*, 81 F.3d 734, 738 (7th Cir. 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  At summary judgment, Ms. James is "not able to lean on mere allegations of injury; rather, she 'must set forth by affidavit or other evidence specific facts, which for the purposes of the summary judgment motion will be taken as true.'"  *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1063 (7th Cir. 2021).

Ms. James provides three examples of ongoing harm she faces: (1) NBOME's continued denial in court filings that Ms. James is a person with disability under the ADA; (2) her former university, A.T. Still University ("ATSU"), relied on NBOME's refusal of accommodations when denying Ms. James other testing accommodations and to justify her dismissal; and (3) ATSU "continues to cite NBOME's position in pending litigation."  Dkt. 98 at 2.  None of these situations involve the type of ongoing or future injury required for standing.

First, Ms. James asserts that NBOME's continued stance in litigation that she does not qualify as disabled under the ADA causes her reputational, professional, and educational harm.  *Id.* at 2.  Ms. James does not, however, designate evidence showing concrete and particularized harm to her reputation or career caused by NBOME's statements in litigation that Ms. James is not disabled under the ADA.  *See* dkt. 98; 103-1.  Without such designated evidence, Ms. James's assertions that she faces ongoing harm are conjectural or hypothetical in nature and therefore insufficient to establish injury at

summary judgment. *Gracia*, 986 F.3d at 1064 (vacating district court's finding of injury in fact because "the summary judgment record contains no showing that [the wrongdoing] had any impact on [plaintiff]").

Next, Ms. James argues that she faces imminent harm because ATSU relied on NBOME's accommodation denial as justification to deny her accommodations on other exams and to dismiss her from the school. Dkt. 98 at 2. Ms. James designates as evidence an email from ATSU's disability resources advisor stating that Ms. James would not receive accommodations on the COMAT exam because NBOME denied her testing accommodations. Dkt. 98-2 at 9. This only shows, however, past harm. Ms. James does not explain how ATSU's past reliance on NBOME's accommodation determination imminently threatens her future rights—she has not designated evidence, or even alleged, that she plans to re-enroll in ATSU, or any other medical school. *See Simic*, 851 F.3d at 738 ("Unlike with damages, a past injury is insufficient to establish standing for purposes of prospective relief."); *Perry L. v. Milwaukee Montessori Sch.*, No. 22-cv-1244-bhl, 2025 WL 1191025, at *5 (E.D. Wis. Apr. 24, 2025) (finding no imminent harm for injunctive relief standing when parents sought an injunction for reasonable school accommodations under the ADA because parents did not "have an immediate and concrete intention" to re-enroll their son).

Last, Ms. James argues that she faces ongoing harm because "the denial of [her] disability status . . . is actively being used as evidence against her in the ATSU litigation to justify prior denial of accommodations and dismissal

7

decision. . . . The legal effect of NBOME's determination remains operative in defending ATSU's actions and undermining Plaintiff's ADA and civil rights claims in that case." Dkt. 98 at 2. Ms. James designates as evidence ATSU's brief in support of summary judgment in the case Ms. James brought against ATSU in the District of Arizona. Dkt. 98-2 at 5–8. There, ATSU states that Ms. James did not receive accommodations on COMAT, COMSAE, and COMLEX examinations because she did not receive accommodations from NBOME. *Id.* at 4. Although ATSU's legal filings reference NBOME's accommodation determinations, Ms. James does not designate evidence showing how ATSU's citations to NBOME's determination "continues to damage her legal position" or inflicts professional reputational harm or educational harm. *See* dkt. 98 at 2; 103-1 at 3. To meet the burden of establishing standing at summary judgment, Ms. James must "point to evidence establishing a concrete and particularized injury," *Gracia*, 986 F.3d at 1064, and she has not done so here.

Ms. James contends that under *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019), she has standing to pursue injunctive relief in the form of expungement. Dkts. 98 at 2, 103-1 at 3. In *Doe*, the plaintiff sought to expunge his disciplinary records, alleging that the university violated his procedural due process rights when finding him guilty of assault—which foreclosed the plaintiff's ability to pursue his future career in the U.S. Navy. *Id.* at 656. The Seventh Circuit held that "[plaintiff's] marred record is a continuing harm for which he [could] seek redress." *Id.* at 666. On remand, the district court found that he adequately alleged standing for injunctive relief

because he alleged that his career in the Navy would be available to him if his guilty finding was expunged. *Doe v. Purdue Univ.*, No. 2:17-cv-33, 2020 WL 2542674, at *9 (N.D. Ind. May 19, 2020).

Here, Ms. James does not designate any evidence that the records of her two failed COMLEX-USA Level 1 exams are preventing her from pursuing specific professional or educational opportunities. *See* dkts. 98 at 2; 103 at 1. Instead, she generally argues that NBOME's determination "continues to operate as an authoritative barrier to [her] professional and educational opportunities," dkt. 98 at 2, without designating evidence of concrete or imminent harm caused by NBOME's record of the exam results. She has not designated evidence that she seeks to re-apply to medical school, that the testing records are publicly available or that anyone outside of NBOME could access these records without her permission, or any other evidence that she faces a real or imminent threat to her rights without record expungement.

Ms. James's claim for declaratory relief fails for the same reasons. As with injunctive relief, standing for declaratory relief "require[s] ongoing or impending harm." *Swanigan v. City of Chicago*, 881 F.3d 577, 584 n.2 (7th Cir. 2018) (citing *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989)). Here, Ms. James does not argue that she satisfied the standing requirements for declaratory judgment. *See* dkts. 98 at 2–3; 103-1 at 3. Rather, Ms. James contends that declaratory judgment would "clarify her legal status and help repair the ongoing harm caused by NBOME's refusal to recognize her disability." Dkt. 98 at 2. These general statements are insufficient to establish standing for a

declaratory judgment, as Ms. James has not designated evidence of specific ongoing or impending harms as required to satisfy the injury in fact requirement. *See Swanigan*, 881 F.3d at n.2.[2]

Ms. James has not designated evidence showing how her career, education, or reputation are or will be affected by NBOME's maintenance of the exam records. She therefore has not established real and imminent harm as required to show injury in fact for constitutional standing for either injunctive or declaratory relief.[3]

### C. Discovery & case management issues

Ms. James raises the additional argument that summary judgment is inappropriate under Rule 56(d) because "she was denied a fair opportunity to obtain discovery critical to resolving material factual disputes [because of]

---

[2] Ms. James cites two cases, *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 87 (2d Cir. 2004) and *Knakmuhs v. Minneapolis Pub. Sch.*, 990 F. Supp. 2d 1035 (D. Minn. 2014), to support the contention that "exam-related ADA violations warrant declaratory relief." Dkt. 98 at 3. In *Powell*, the Second Circuit did not address or grant declaratory relief. 364 F.3d at 87–88. Rather, the Court reviewed the lower court's grant of summary judgment on standing grounds and turned to the merits, where it found that Ms. Powell was not a qualified individual under the ADA. *Id.* The Court is unable to locate the second cited case, *Knakmuhs v. Minneapolis Pub. Sch.*, 990 F. Supp. 2d 1035, 1047 (D. Minn. 2014). The citation is to a different case, *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035 (S.D. Cal. 2013), and the Court's search using the parties' names did not return any case.

Although Ms. James is a *pro se* litigant, she is not excused from complying with the Federal rules of Civil Procedure. *See Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008). Future filings that contain non-existent cases or cases that do not stand for the proposition that she claims in violation of Rule 11(b), will result in sanctions.

[3] Because Ms. James does not satisfy the "injury in fact" element of standing, the Court does not address whether her claim satisfies the remaining elements of standing.

Defendant's conduct[,] . . . and the Court's denial of appointed counsel [] resulted in an uneven process that prejudiced her ability to oppose summary judgment."  Dkt. 98 at 4.

Under Rule 56(d), when a non-moving party demonstrates that it cannot present facts "essential to justify its position," the court can defer or deny ruling on the summary judgment motion.  Fed. R. Civ. P. 56(d).  "A party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence."  *Smith v. OSF HealthCare Sys.,* 933 F.3d 859, 864 (7th Cir. 2019).  Here, Ms. James did not submit the required an "affidavit or declaration" listing specific reasons why discovery should be extended.  Fed. R. Civ. P. 56(d); *see Kallal v. CIBA Vision Corp.,* 779 F.3d 443, 446 (7th Cir. 2015) ("Kallal failed, however, to file a Rule 56(d) affidavit explaining why he needed additional discovery. His failure to do so fully justified the district court's ruling."); *First Nat'l Bank & Tr. Corp. v. Am. Eurocopter Corp.,* 378 F.3d 682, 694 (7th Cir. 2004) ("Because Inlow Estate failed to submit a Rule 56(d) affidavit . . . it was not an abuse of discretion by the district court to rule on the motion for summary judgment before Inlow Estate was satisfied that all necessary discovery had occurred.").  Furthermore, the additional fact discovery Ms. James seeks relates to the merits of the claim, not the lack of standing.  *See* dkts. 98 at 3–4; 103-1 at 3.  Therefore, the Court

declines to delay or deny this ruling on the grounds that Mr. James was unable to depose a NBOME representative.[4]

### III.
### Conclusion

Defendants' motion for summary judgment is **GRANTED.**  Dkt. [75].

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/19/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JANA JAMES

200 Magnolia Blvd., Blg. 200, Apt. 203

Port Wentworth, GA 31407

All electronically registered counsel

---

[4] The Court acknowledges the frustrations and difficulties that can result from proceeding *pro se.*  Ms. James has demonstrated, however, the ability to navigate the litigation process, file briefs, and form cogent legal arguments in this case.  In other words, the record demonstrates that she has been able to effectively represent herself. There is no right to appointed counsel in a federal civil case, *Walker v. Price*, 900 F.3d 938 (7th Cir. 2018), and here, Ms. James's inability to secure counsel does not support delaying ruling on summary judgment.